

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

201 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 19, 1983

Mr. Richard D. Latham
Securities Commissioner
State Securities Board
1800 San Jacinto
Austin, Texas    78711

Opinion No. JM-101

Re: Effect of Senate Bill No. 429 regarding subpoenas for bank records

Dear Mr. Latham:

You have asked the following questions:

> 1. Does section 1 of article 342-705, V.T.C.S., as amended by Senate Bill No. 429, Acts of the Sixty-eighth Legislature, Regular Session, restrict the authority of the securities commissioner to issue subpoenas to banks for records of bank accounts or other bank records pursuant to investigations conducted under section 28 of the Securities Act, article 581, V.T.C.S.?

> 2. Do the advance notice and challenge provisions of sections 2 and 3 of article 342-705 as amended by Senate Bill No. 429 apply to subpoenas issued to banks by the securities commissioner in investigations conducted under section 28 of the Securities Act?

We conclude that where an investigation of criminal offenses is involved, section 1 of article 342-705, V.T.C.S., as amended by Senate Bill No. 429, Acts 1983, Sixty-eighth Legislature, chapter 525, at 3056, does not restrict the authority of the securities commissioner to issue subpoenas to banks pursuant to article 581-28, V.T.C.S., nor do the advance notice and challenge provisions of sections 2 and 3 of article 342-705 as likewise amended apply to such subpoenas issued in criminal investigations conducted under article 581-28.

Article 342-705, V.T.C.S., as amended, concerns, first, the duty of banks to recognize adverse claims to deposits and, second, the rights and duties of various parties when information is requested from a bank about a customer. The questions posed by you concern only the second aspect. Section 1 of article 342-705, as amended, requires banks to produce their records only under certain circumstances.

Section 2 requires the person seeking production of records to give prior notice to the customer and to certify to the bank that it has given such notice.  It also allows the bank to recover reasonable reproduction costs and to notify the customer of a request for production.  Section 3 allows the customer to seek a court order quashing the subpoena or other request.  However, section 3 of Senate Bill No. 429 provides explicitly that "the provisions of this Act shall not apply to the investigation or prosecution of criminal offenses."

The securities commissioner has the duty to investigate criminal offenses.  Article 581-3 of the Texas Securities Act, V.T.C.S., requires the securities commissioner to make such investigations as will prevent violations of the Securities Act.  It also requires the commissioner to lay before the proper district or county attorney any evidence which he has of criminality under the Securities Act.  Article 581-29 of the Securities Act contains penal provisions.  The subpoena power of the commissioner is authorized by article 581-28 of the Securities Act.  The power relates "to any matter which the Commissioner has authority by this Act to consider or investigate . . . ."

You have advised us as follows:

> The majority of investigations which result in action being taken result in a criminal prosecution . . . .  All of our investigations except some license matters involve suspected criminal offenses.  Some other routine inquiries do not involve criminal offenses, but they are resolved without an investigation being opened.  It is the policy of the securities commissioner to not issue a subpoena unless a formal investigation is open.

> . . . .

> The section 29 criminal provisions are broad and most violations of the Act which come to our attention, regardless of how they are finally resolved, are violations of section 29.  Under section 29 of the Securities Act it is a felony punishable by up to 10 years in the penitentiary and a $5,000 fine to sell securities which have not been registered for sale by the securities commissioner; to sell securities without being properly licensed by the securities commisssioner; and to engage in fraud or fraudulent practices in the sale of securities.  If the fraud involves

more than $10,000, the maximum penalty is 20 years and $10,000. These are clearly criminal offenses, and bank subpoenas issued in the course of such investigations would seem to be excluded from Senate Bill No. 420.

The injunctive provisions of section 32 of the Securities Act are also based on criminal conduct. Section 32 is stated in terms of 'fraudulent practices,' acting as an unregistered dealer, and selling securities in violation of the act, which are also felonies under section 29. Administrative Cease and Desist actions issued pursuant to section 23 of the Securities Act are based on 'tend to work a fraud' language, and, like other fraud, are criminal offenses which could be prosecuted under section 29 or 32. The securities commissioner does not issue subpoenas for bank records in cases where a criminal offense is not suspected.

We believe the language of section 3 of Senate Bill No. 429 makes it clear beyond cavil that article 342-705 as amended does not apply to subpoenas issued by the securities commissioner in criminal investigations nor does it subject such subpoenas to notice and challenge in criminal investigations. Since you indicate that virtually all your agency's investigations under article 581-28 involve suspected criminal offenses and the probability of criminal prosecutions, the amendments to article 342-705, effected by Senate Bill No. 429, have essentially no bearing on the vast majority of the investigations conducted by the State Securities Board.

## S U M M A R Y

The amendments by Senate Bill No. 425 to article 342-705, V.T.C.S., do not restrict the authority of the securities commissioner to issue subpoenas to banks nor subject such subpoenas to advance notice and challenge in criminal investigations conducted under article 581-28, which constitute virtually all of the securities board's investigations.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Colin Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton

Mr. Richard D. Latham - Page 4